UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

| | |
|---|---|
| **DARRELL BURROWS**, <br><br> Plaintiff, <br><br> vs. <br><br> **JODI NAKATA, ASHLEY DUNCAN, and CAROLYN VETTOR.** <br><br> Defendants. | 2:25-CV-11750-TGB-APP <br><br> HON. TERRENCE G. BERG <br><br> **OPINION AND ORDER DISMISSING WITH PREJUDICE THE CIVIL RIGHTS COMPLAINT** |

## I. INTRODUCTION

Plaintiff Darrell Burrows, currently confined at the Cooper Street Correctional Facility in Jackson, Michigan, filed a pro se civil rights Complaint pursuant to 42 U.S.C. § 1983. This case comes before the Court on transfer from the United States District Court for the Western District of Michigan. ECF No. 3. The Court has reviewed the Complaint. For the reasons stated below, it will be **SUMMARILY DISMISSED** for failing to state a legally cognizable claim.

## II. FACTUAL ALLEGATIONS

Burrows's claims arose during his incarceration at the Cooper Street Correctional Facility. He sues Defendants Jodi Nakata, Ashely Duncan, and Carolyn Vettor in their individual capacities for the alleged

denials of his medical requests for dental and optometry appointments. ECF No. 1, PageID.3.

Burrows asserts that on April 15, 2025, he submitted a medical kite to Defendant Duncan requesting to be seen for a "bad cavity." *Id.*; ECF No. 1-1, PageID.8. He stated that he had been waiting over two months for a dental appointment. ECF No. 1, PageID.3. The medical kite attached to his Complaint shows that Duncan responded: "You will be placed on the dental exam list 4/29/25." ECF No. 1-1, PageID.8.

On April 29, 2025, Burrows filed a second medical kite requesting a dental exam. ECF No. 1-2, PageID.10. He alleges that Defendant Vettor reviewed the request and was aware that the cavity posed potential harm. ECF No. 1, PageID.3. Vettor responded to Burrows's kite: "Patient is currently on the Dental Exam list and will be seen in the order that he was placed on that list." ECF No. 1-2, PageID.10.

On May 7, 2025, Burrows sent a medical kite requesting an optometry appointment. ECF No. 1-3, PageID.12. Burrows alleges that he sent several requests for an eye exam and a new pair of glasses, but Defendant Nakata disregarded those requests. ECF No. 1, PageID.3. In response to the May 7th request, Nakata responded: "I see you are scheduled some time this month. The date is subject to change." ECF No. 1-3, PageID.12.

2

Burrows alleges that Defendants violated his Fourth[1] and Eighth Amendment rights. He seeks monetary and injunctive-type relief.

### III.   LEGAL STANDARD

Burrows has been granted *in forma pauperis* status. ECF No. 9. Under the Prison Litigation Reform Act of 1996 ("PLRA"), the Court is required to *sua sponte* dismiss an *in forma pauperis* complaint before service on a defendant if it determines that the action is frivolous or malicious, fails to state a claim upon which relief can be granted, or seeks monetary relief against a defendant who is immune from such relief. *See* 42 U.S.C. § 1997e(c); 28 U.S.C. § 1915(e)(2)(B). The Court is similarly required to dismiss a complaint seeking redress against government entities, officers, and employees which it finds to be frivolous or malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief. *See* 28 U.S.C. § 1915A. A complaint is frivolous if it lacks an arguable basis in law or in fact. *Denton v. Hernandez*, 504 U.S. 25, 31 (1992); *Neitzke v. Williams*, 490 U.S. 319, 325 (1989).

---

[1]   While Burrows states that Defendants violated his Fourth Amendment rights, he has presented no facts or legal argument supporting this claim in the body of his Complaint. Such conclusory allegations of unconstitutional conduct without specific factual allegations fail to state a claim under § 1983. *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009); *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007). The Court concludes that Burrows has not shown he is entitled to relief on this claim.

A *pro se* civil rights complaint is to be construed liberally. *Haines v. Kerner*, 404 U.S. 519, 520–21 (1972). Nonetheless, Federal Rule of Civil Procedure 8(a) requires that a complaint set forth "a short and plain statement of the claim showing that the pleader is entitled to relief," as well as "a demand for the relief sought." Fed. R. Civ. P. 8(a)(2), (3). The purpose of this rule is to "give the defendant fair notice of what the claim is and the grounds upon which it rests." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (citation omitted). While this notice pleading standard does not require "detailed" factual allegations, it does require more than the bare assertion of legal principles or conclusions. *Id*. Rule 8 "demands more than an unadorned, the defendant-unlawfully-harmed me accusation." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). "A pleading that offers 'labels and conclusions' or 'a formulaic recitation of the elements of a cause of action will not do.'" *Id*. (quoting *Twombly*, 550 U.S. at 555). "Nor does a complaint suffice if it tenders 'naked assertion[s]' devoid of 'further factual enhancement.'" *Id*. (quoting *Twombly*, 550 U.S. at 557).

## IV. DISCUSSION

To state a civil rights claim under 42 U.S.C. § 1983, a plaintiff must allege that: (1) he or she was deprived of a right, privilege, or immunity secured by the federal Constitution or laws of the United States; and (2) the deprivation was caused by a person acting under color of state law.

*Flagg Bros. v. Brooks*, 436 U.S. 149, 155–57 (1978); *Harris v. Circleville*, 583 F.3d 356, 364 (6th Cir. 2009).

The Court construes Burrows's Complaint as alleging that Defendants acted with deliberate indifference to his serious medical needs by denying or delaying his requests for dental and optometry care.

The Supreme Court held in *Estelle v. Gamble*, 429 U.S. 97 (1976), that the deliberate indifference to a serious medical need of a prisoner constitutes unnecessary and wanton infliction of pain in violation of the Eighth Amendment. *Id.* at 105. The claim is comprised of an objective and a subjective component. "The objective component requires the plaintiff to show that the medical need at issue is 'sufficiently serious.'" *Richmond v. Huq*, 885 F.3d 928, 938 (6th Cir. 2018) (quoting *Farmer v. Brennan*, 511 U.S. 825, 834 (1994)), *abrogated on other grounds by, Brawner v. Scott Cnty., Tennessee*, 14 F.4th 585, 591–97 (6th Cir. 2021). "As the Supreme Court explained in *Farmer*, '[T]he inmate must show that he is incarcerated under conditions posing a substantial risk of serious harm.'" *Brown v. Bargery*, 207 F.3d 863, 867 (6th Cir. 2000) (quoting *Farmer*).

To satisfy the subjective component, a prison official "must both be aware of facts from which the inference could be drawn that a substantial risk of serious harm exists, and he must also draw the inference." *Richmond*, 885 F.3d at 939 (quoting *Farmer*, 511 U.S. at 837). Deliberate indifference "entails something more than mere negligence," *Farmer*, 511

5

U.S. at 835, but can be "satisfied by something less than acts or omissions for the very purpose of causing harm or with knowledge that harm will result." *Id.* A serious medical need is "one that has been diagnosed by a physician as mandating treatment or one that is so obvious that even a lay person would easily recognize the necessity for a doctor's attention." *Harrison v. Ash*, 539 F.3d 510, 518 (6th Cir. 2008).

### A. Dental Care

First, as to Burrows's claim regarding his dental needs, his Complaint does not allege facts showing that Defendants acted with deliberate indifference.

"Dental needs fall into the category of serious medical needs because dental care is one of the most important needs of inmates." *Flanory v. Bonn*, 604 F.3d 249, 253 (6th Cir. 2010) (quoting *McCarthy v. Place*, 313 F. App'x 810, 814 (6th Cir. 2008)) (internal quotation marks omitted). "Nevertheless, not all dental problems constitute serious medical needs. Rather, '[a] cognizable claim regarding inadequate dental care, like one involving medical care, can be based on various factors, such as the pain suffered by the plaintiff, the deterioration of the teeth due to a lack of treatment, or the inability to engage in normal activities.'" *McCarthy*, 313 F. App'x at 814 (quoting *Chance v. Armstrong*, 143 F.3d 698, 703 (2d Cir. 1998)). As the Second Circuit has recognized:

> Ordinarily, a tooth cavity is not a serious medical condition, but that is at least in part because a cavity is so easily

6

> treatable. Absent intense pain or other exigency, the treatment of a cavity (in or out of prison) can safely be delayed by the dentist's schedule or the patient's dread or neglect, can be subject to triage or the management of care, can be mitigated or repaired temporarily, and can be coordinated with other related conditions that need to be treated together.

*Harrison v. Barkley*, 219 F.3d 132, 137 (2d Cir. 2000). However, cavities causing "significant pain and discomfort," when left untreated for a prolonged period may constitute a serious medical need. *McCarthy*, 313 F. App'x at 814.

Here, Burrows has not shown that his cavity constitutes a serious medical need. While he maintains that his "bad cavity" may pose a potential problem, there is no indication from his Complaint that he suffers from any pain or discomfort. Moreover, his medical requests did not contain any statements suggesting that his cavity escalated into a more serious condition such as deterioration of the tooth, abscess, inability to eat, or any condition resulting in the inability to engage in normal activities. Because a tooth cavity alone is not a serious medical condition, Burrows has not met the objective prong of the deliberate indifference standard.

Burrows further fails to show that Defendants acted with deliberate indifference under the subjective prong of an Eighth Amendment claim. Specifically, Burrows has not demonstrated that Defendants were deliberately indifferent to his need for medical care. *Farmer*, 511 U.S. at 837. Burrows's medical requests did not contain any information that

suggested his cavity required exigency. Defendants informed Burrows that he was scheduled for an appointment and would be seen in accordance with his placement on the dental exam list. He is thus receiving care in the same manner as the other inmates. For these reasons, Burrows fails to allege any facts showing that Defendants acted with deliberate indifference to his serious dental needs. *See Farmer*, 511 U.S. at 835 (noting that something more than mere negligence needs to be asserted to sustain an Eighth Amendment claim).

### B. Eye Care

Next, Burrows fails to show that his delayed his eye exam constitutes a serious medical need. He does not allege that he suffers from any disease or injury of his eye(s) that has been diagnosed or otherwise obviously requires any treatment. Moreover, it is evident from Defendant Nakata's response that Burrows was scheduled for an eye exam shortly after submitting his request. Burrows has not shown that Nakata was deliberately indifferent to his serious medical needs by refusing to expedite his appointment. Because the failure to provide a routine eye exam does not constitute cruel and unusual punishment in violation of the Eighth Amendment, this claim will be dismissed.

For these reasons, the Court concludes that Burrows's Complaint must be dismissed for failure to state a claim.

## V. CONCLUSION

Accordingly, the Court **DISMISSES WITH PREJUDICE** Burrows's civil rights Complaint, ECF No. 1, pursuant to 28 U.S.C. §§ 1915(e)(2) and 1915A(b).

Further, the Court concludes that an appeal from this decision and cannot be taken in good faith. *See* 28 U.S.C. § 1915(a)(3).

This case is closed.

**IT IS SO ORDERED.**

Dated: October 9, 2025        /s/Terrence G. Berg
                                           HON. TERRENCE G. BERG
                                           UNITED STATES DISTRICT JUDGE