UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

| | |
|---|---|
| **DARRELL BURROWS**, <br><br> Plaintiff, <br><br> vs. <br><br> **JODI NAKATA, ASHLEY DUNCAN, and CAROLYN VETTOR.** <br><br> Defendants. | 2:25-CV-11750-TGB-APP <br><br> Hon. Terrence G. Berg <br><br> **OPINION AND ORDER CONSTRUING PLAINTIFF'S RESPONSES (ECF NOS. 15, 16) AS A MOTION FOR RELIEF FROM JUDGMENT AND DENYING THE MOTION** |

Plaintiff Darrell Burrows is an inmate at the Cooper Street Correctional Facility, a Michigan Department of Corrections prison located in Jackson, Michigan. In June 2025, Burrows filed a pro se civil rights complaint under 42 U.S.C. § 1983 against Defendants Jodi Nakara, Ashley Duncan, and Carolyn Vettor, in their individual capacities. ECF No. 1. He alleged that Defendants acted with deliberate indifference by denying his requests to schedule dental and optometry appointments. ECF No. 1, PageID.3. The Court dismissed his Complaint on October 9, 2025, for failing to state a claim upon which relief can be granted. ECF No. 13. *See also* 28 U.S.C. § 1915(e)(2)(B); 28 U.S.C. § 1915A.

Before the Court are two pleadings submitted by Burrows that appear to challenge the Court's dismissal order and seek relief under

Federal Rule of Civil Procedure 60(b)(3). *See* ECF Nos. 15, 16. The Court will therefore construe both documents together as a motion for relief from judgment under Rule 60(b). For the reasons set forth below, Burrows's motion is **DENIED**.

Federal Rule of Civil Procedure 60(b) allows a court to relieve a party from a final judgment, order, or proceeding for a number of reasons:

(1)  mistake, inadvertence, surprise, or excusable neglect;

(2) newly discovered evidence that, with reasonable diligence, could not have been discovered in time to move for a new trial under Rule 59(b);

(3)  fraud (whether previously called intrinsic or extrinsic), misrepresentation, or misconduct by an opposing party;

(4)  the judgment is void;

(5)  the judgment has been satisfied, released, or discharged; it is based on an earlier judgment that has been reversed or vacated; or applying it prospectively is no longer equitable; or

(6) any other reason that justifies relief.

"The party seeking relief under Rule 60(b) bears the burden of establishing the grounds for such relief by clear and convincing evidence." *Info-Hold, Inc. v. Sound Merch., Inc.*, 538 F.3d 448, 454 (6th Cir. 2008) (internal quotation marks and citations omitted).

As an initial matter, Burrows contends that Rule 60(b)(3) entitles him to relief. ECF No. 15, PageID.39. However, he has not alleged any

facts showing fraud, misrepresentation, or misconduct by an opposing party. Nor has he shown that relief under any other subsection of Rule 60(b) is appropriate. Burrows does not point to any error in the dismissal order aside from his mere disagreement with the Court's holding. *See* ECF Nos. 15, 16. The Court has already considered Burrows's arguments and determined they lack merit. ECF No. 13. Although Burrows may disagree with this Court's interpretation of the law and ultimate ruling, such "[g]eneralized disagreement from an unhappy or defeated litigant, however heartfelt, is insufficient to obtain relief under Rule 60(b)." *Wilson v. Randstad USA*, No. 3:21-cv-00151, 2021 WL 6882143, at *2 (M.D. Tenn. June 9, 2021) (citing *Jinks v. AlliedSignal, Inc.*, 250 F.3d 381, 387 (6th Cir. 2001)). Burrows therefore is not entitled to relief.

Accordingly, the Court **DENIES** Plaintiff Darrell Burrows's motion for relief from judgment. This case remains closed.

**IT IS SO ORDERED.**

Dated: November 6, 2025

/s/Terrence G. Berg
HON. TERRENCE G. BERG
UNITED STATES DISTRICT JUDGE